**UNITED STATES DISTRICT COURT**
**EASTEARN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| PETER MARSHALL,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE 1–6 individually and in their official capacities as law enforcement officers for the NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE DEPARTMENT, ST. BARNABAS HOSPITAL, DR. MELISSA MORALES MOORE and JOHN/JANE DOE HOSPITAL STAFF,<br><br>Defendants. | Civil Action No.:<br><br><br>**<u>COMPLAINT</u>** |

Plaintiff Peter Marshall (hereinafter "Plaintiff"), by and through undersigned counsel, brings this civil action for compensatory and punitive damages against John Doe Officers 1–6, in their individual and official capacities as law enforcement officers for the New York City Police Department; the New York City Police Department; St. Barnabas Hospital; Dr. Melissa Morales Moore, in their individual and official capacities; and John/Jane Doe Hospital Staff (collectively, "Defendants"), and alleges as follows:

**NATURE OF THE CASE**

1. This is a civil rights action brought under 42 U.S.C. § 1983 for violations of Plaintiff's rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

2. Plaintiff seeks compensatory and punitive damages arising from an unlawful arrest, excessive force, involuntary psychiatric detention, denial of medical care, and

humiliation inflicted by members of the NYPD and medical staff at St. Barnabas Hospital on or about March 6, 2023.

3.   On the date aforementioned, Plaintiff, was subjected to a violent and unjustified physical assault by New York City Police Department Officers responding to a non-violent verbal disagreement. Despite the absence of any criminal conduct or probable cause, Plaintiff was forcibly handcuffed, exposed to public humiliation, and transported to St. Barnabas Hospital without arrest or charges.

4.   While at the hospital, Plaintiff was unlawfully restrained and misdiagnosed with psychiatric symptoms without any clinical basis. A physician falsely documented hallucinations and other fabricated statements in Plaintiff's medical record, leading to an unwarranted psychiatric hold. In the process, Plaintiff's serious physical injuries— including a fractured ankle—were ignored. Plaintiff was later released without psychiatric treatment, confirming the baseless nature of his detention.

5.   This lawsuit seeks to hold accountable the individual officers, medical professionals, and institutions whose actions collectively violated Plaintiff's rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. Plaintiff also asserts supplemental state law claims for assault, battery, negligence, and medical malpractice. As a result of Defendants' misconduct, Plaintiff continues to suffer lasting physical pain, emotional trauma, and other damages for which he now seeks full legal redress.

**PARTIES, JURISDICTION, AND VENUE**

6.  Plaintiff Peter Marshall is a resident of the State of New York and resides in Queens County, New York.

7.  Upon information and belief, Defendants John Doe 1-6 (hereinafter "Defendant Officers") are residents of the State of New York and are individuals who, at all relevant times, were employed as law enforcement officers with the New York Police Department. They are sued both in their individual and official capacities.

8.  Upon information and belief, Defendant New York City Police Department (hereinafter "NYPD") is a municipal law enforcement agency operating under the authority of the City of New York. The NYPD maintains and operates precincts throughout the five boroughs, including Queens County. The NYPD engages in continuous and systematic law enforcement activities within Queens County and is responsible for the recruitment, training, supervision, and conduct of its officers and personnel, including Defendants John Doe 1–6.

9.  Upon information and belief, Defendant St. Barnabas Hospital is a not-for-profit healthcare corporation organized under the laws of the State of New York, with its principal place of business located at 4422 Third Avenue, Bronx, New York 10457. Defendant St. Barnabas Hospital operates continuously and systematically within the State of New York, providing medical services to residents throughout the state, and engages in substantial and foreseeable contacts within New York.

10. Upon information and belief, Defendant Dr. Melissa Morales Moore (hereinafter Dr. Moore) is a resident of the State of New York and, at all relevant times, was employed by St. Barnabas Hospital as a medical professional. Defendant Dr. Moore acted

3

within the scope of their employment and authority as an agent, employee, or representative of St. Barnabas Hospital. Dr. Moore is sued in both their individual and official capacities.

11. Upon information and belief, Defendants John and Jane Doe Hospital Staff (hereinafter "Defendant Hospital Staff") are residents of the State of New York and, at all relevant times, were employed by St. Barnabas Hospital in various professional capacities. Defendant Hospital Staff acted within the scope of their employment and authority as agents, employees, or representatives of St. Barnabas Hospital, and participated in the events giving rise to the claims in this action. Defendant Hospital Staff are sued in both their individual and official capacities.

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983. Jurisdiction is also proper under 28 U.S.C. § 1343, as Plaintiff seeks redress for the deprivation of rights secured by the Constitution and laws of the United States, including the Fourth, Eighth, and Fourteenth Amendments. The events giving rise to these claims occurred in Queens County, New York.

13. This Court has personal jurisdiction over Defendants, including the Defendant Officers and the New York City Police Department, because at all relevant times they engaged in substantial activities within the State of New York. Defendants transacted, solicited, and conducted official duties and operations in New York through their employees and agents, and derived substantial benefits from such activities within the state.

4

14. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claims occurred in Queens County, which lies within this judicial district.

## ALLEGATIONS

15. On or about March 6, 2023, at approximately 2:00 a.m., Plaintiff was residing at 112-26 Roosevelt Avenue in Queens, New York, when he became involved in a verbal disagreement with another resident of the premises.

16. Defendant Officers John Doe 1–6 responded to the scene. The interaction between Plaintiff and the other resident was entirely verbal, non-violent, and non-threatening. The other individual confirmed to the officers that no physical contact had occurred.

17. Despite the absence of any criminal behavior, disorderly conduct, or lawful basis for police intervention, the Defendant Officers ordered Plaintiff to return to his room without cause or explanation.

18. Without justification, one or more Defendant Officers began to place Plaintiff in handcuffs. In the process, they violently twisted Plaintiff's arms and dragged him down a flight of stairs and outside the building, resulting in physical injury.

19. During the incident, Plaintiff's pants either came off or were forcibly removed, leaving him partially or fully exposed in public view.

20. As a result of the officers' actions, Plaintiff sustained injuries to his back, face, neck, wrists, legs, and ankles.

21. Plaintiff was then transported by the Defendant Officers to St. Barnabas Hospital in the Bronx. He was not arrested or formally charged with any crime.

22. Upon arrival at the hospital, Plaintiff was handcuffed to a hospital bed. Hospital staff, including the Defendant Doctor and unidentified Defendant Hospital Staff, ridiculed Plaintiff and treated him as mentally unstable, despite his calm and coherent behavior.

23. Defendant Doctor Moore falsely documented that Plaintiff was experiencing hallucinations and fabricated statements attributed to Plaintiff regarding his mother. Defendant Doctor also recorded a mental health diagnosis without any clinical basis.

24. Plaintiff was released from the hospital a few hours later without having received any psychiatric treatment, confirming that the diagnosis and detention were unfounded and improper.

25. A subsequent medical evaluation revealed that Plaintiff had sustained a nondisplaced fracture of the right medial malleolus—an injury that was ignored and left untreated by Defendant Doctor at St. Barnabas Hospital.

26. As a direct and proximate result of Defendants' actions, Plaintiff continues to suffer from lasting physical pain, nerve damage in his wrists, emotional distress, and will require corrective surgery.

## <u>COUNT I</u>
### Unlawful Seizure and Excessive Force (42 U.S.C. § 1983)

27. Defendant Officers, acting under color of state law and within the scope of their employment with the New York City Police Department, unlawfully seized Plaintiff without a warrant, probable cause, or legal justification, and subjected him to excessive and unreasonable force. These actions violated Plaintiff's rights under the Fourth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983.

## COUNT II

### Deliberate Indifference to Serious Medical Needs

28. Defendants, including NYPD Officers and medical staff employed by St. Barnabas Hospital, acted with deliberate indifference to Plaintiff's serious medical needs by failing to provide necessary medical treatment and by ignoring visible injuries, including a fractured ankle. This conduct constitutes a violation of Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution.

## COUNT III

### False Imprisonment and Involuntary Psychiatric Detention

29. Plaintiff was subjected to an involuntary psychiatric hold by St. Barnabas Hospital staff, including Defendant Doctor and John/Jane Doe employees, without medical justification or due process. Plaintiff's liberty was unlawfully restrained in violation of his substantive and procedural due process rights under the Fourteenth Amendment to the United States Constitution.

## COUNT IV

### Municipal Liability (Monell)

30. Defendant City of New York is liable under Monell v. Department of Social Services, 436 U.S. 658 (1978), for constitutional violations committed by its employees. These violations arose from the City's policies, customs, practices, or failure to adequately train, supervise, and discipline its law enforcement personnel. The City's deliberate indifference to the risk of constitutional harm caused or contributed to the injuries sustained by Plaintiff.

## COUNT V

7

**State Law Claims: Assault, Battery, Negligence, Medical Malpractice**

31. The conduct of Defendants, including the use of force by NYPD Officers and the failure to properly diagnose and treat Plaintiff's injuries by St. Barnabas Hospital staff, constitutes actionable torts under New York law. These torts include assault, battery, negligence, and medical malpractice. Plaintiff incorporates these claims under the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367

**PRAYER FOR RELIEF**

Wherefore, Plaintiff Peter Marshall hereby demands judgement in his favor and against defendants as follows:

A. An award of **compensatory damages** in an amount to be determined at trial, for the physical injuries, emotional distress, pain and suffering, and other harms sustained as a result of Defendants' conduct;

B. An award of **punitive damages** against the individual Defendants, in their individual capacities, to punish and deter willful and reckless violations of Plaintiff's constitutional and legal rights;

C. An award of **reasonable attorneys' fees, costs, and litigation expenses** pursuant to 42 U.S.C. § 1988 and any other applicable law;

D. A declaration that the conduct of Defendants violated Plaintiff's rights under the Constitution and laws of the United States;

E. **Pre-judgment and post-judgment interest** as permitted by law;

F. Such other and further relief as the Court deems just, proper, and equitable under the circumstances.

8

## DEMAND FOR JURY TRIAL

Plaintiff Peter Marshall demands a trial by jury on all issues so triable of right.


Dated: July 7, 2025                    Respectfully submitted,


By:    <u>/s/ Samuel E. Manrique</u>
       Samuel E. Manrique, Esq.
       Manrique Law
       130 North Main Street, Suite 101
       New City, NY 10956
       (917) 426-5927
       ManriqueLawGroup@gmail.com
       *Attorney for Plaintiff*

9