**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------X

PETER MARSHALL,
Plaintiff,

-against-                                                            **FIRST AMENDED COMPLAINT**

THE CITY OF NEW YORK; POLICE                              1:25-cv-03908-JRC
OFFICER JOHN DOE #1; POLICE
OFFICER JOHN DOE #2; POLICE
OFFICER JOHN DOE #3; and
POLICE OFFICER JANE DOE #1,
individually and in their individual capacities,
Defendants.
-------------------------------------------------------X

Plaintiff Peter Marshall, by his attorney Samuel E. Manrique, Esq., alleges upon knowledge as to his own acts and upon information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1. This is a civil rights action seeking redress for Defendants' violations of Plaintiff's rights under the United States Constitution and New York law.

2. This action arises from an incident in which NYPD officers used excessive, unreasonable, and brutal force against Plaintiff while he was handcuffed, including dragging him down steps and along the ground, causing severe and permanent injuries.

3. Plaintiff further alleges that Defendants acted with deliberate indifference to his obvious injuries and medical needs immediately following the assault.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

5. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred within this District.

**PARTIES**

7. Plaintiff **Peter Marshall** is a resident of the State of New York.

8. Defendant **City of New York** is a municipal entity that operates and controls the New York City Police Department.

9. Defendants **Police Officer John Doe #1–#3 and Jane Doe #1** are members of the NYPD whose identities are presently unknown and will be substituted when ascertained. At all relevant times, they acted under color of state law.

## FACTUAL ALLEGATIONS

10. Upon information and belief, on or about March 6, 2023, Plaintiff was seized by NYPD officers and placed in handcuffs behind his back.

11. Upon information and belief, while restrained and not resisting, Plaintiff was forcibly dragged by Defendants down a flight of steps and along the ground.

12. As a result of being dragged while handcuffed, Plaintiff's body repeatedly struck concrete steps and the ground.

13. Defendants pulled Plaintiff's arms upward and backward while handcuffed, hyperextending his shoulders.

14. Plaintiff's pants were pulled off during the dragging, leaving him partially or fully exposed while being dragged across the ground.

15. Plaintiff cried out in pain and exhibited obvious signs of injury, including abrasions, wrist trauma from the handcuffs, shoulder pain, back pain, and lower extremity injury.

16. Despite the obvious risk of serious harm, Defendants continued to drag Plaintiff in a cruel, unnecessary, and punitive manner.

## INJURIES

17. As a direct and proximate result of Defendants' conduct, Plaintiff suffered severe physical injuries, including but not limited to: a. Permanent injury to both shoulders caused by hyperextension while handcuffed; b. A permanent scar on his wrist caused by tight handcuffing; c. Significant injury to his ankle, later requiring surgical intervention; d. Chronic back pain; e. Abrasions, contusions, and nerve-related symptoms.

18. Plaintiff continues to suffer ongoing pain and limitations.

19. Walking, lying down, and sleeping cause significant pain.

20. Plaintiff's back pain is persistent and interferes with daily functioning.

21. Plaintiff's shoulder injuries are permanent and limit his range of motion and strength.

22. Plaintiff has already undergone ankle surgery and has been advised that additional surgical intervention may be necessary.

23. Plaintiff has suffered, and continues to suffer, emotional distress, humiliation, anxiety,

and loss of enjoyment of life.

**DELIBERATE INDIFFERENCE**

24. Defendants were aware that dragging a handcuffed person down steps created a substantial risk of serious injury.

25. Defendants disregarded that risk and acted with deliberate indifference to Plaintiff's safety and medical needs.

**CLAIMS FOR RELIEF**

*COUNT I – Excessive Force and Unreasonable Seizure (Fourth Amendment – 42 U.S.C. § 1983)*

26. Defendants used objectively unreasonable, cruel, and punitive force during Plaintiff's seizure in violation of the Fourth Amendment to the United States Constitution.

27. The force used was not justified by any legitimate law enforcement purpose.

*COUNT II – Deliberate Indifference to Serious Medical Needs (Fourteenth Amendment – 42 U.S.C. § 1983)*

28. Defendants, while Plaintiff was a pretrial detainee and in their custody, acted with deliberate indifference to Plaintiff's serious medical needs in violation of the Fourteenth Amendment.

*COUNT III – Municipal Liability (Monell) – Fourth and Fourteenth Amendments (42 U.S.C. § 1983)*

29. The City of New York, through the New York City Police Department, maintained and permitted unconstitutional policies, customs, and practices that caused the violations of Plaintiff's rights, including but not limited to: (a) failing to adequately train officers in the proper use of force against restrained and non-resisting individuals; (b) tolerating the use of gratuitous, punitive, and retaliatory force during arrests; (c) failing to discipline officers who engage in excessive force and degrading treatment of arrestees; (d) failing to train and supervise officers regarding the handling of handcuffed individuals on stairways and other inherently dangerous environments; and (e) maintaining a de facto policy of deliberate indifference to injuries inflicted during arrests, thereby encouraging unconstitutional conduct. These policies, customs, and failures amounted to deliberate indifference to the rights of persons with whom NYPD officers come into contact and were a moving force behind the constitutional violations suffered by Plaintiff.

*COUNT IV – Assault and Battery (New York Law)*

30. Defendants intentionally and unlawfully caused harmful and offensive contact.

### COUNT V – Intentional Infliction of Emotional Distress (New York Law)

31. Defendants' conduct was extreme, outrageous, malicious, and conscience-shocking, and was intended to cause, or recklessly disregarded the probability of causing, severe emotional distress.

## DAMAGES

32. Plaintiff seeks compensatory damages for physical injuries, pain and suffering, emotional distress, medical expenses, and loss of enjoyment of life.

33. Plaintiff seeks punitive damages against the individual defendants.

34. Plaintiff seeks attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## PRESERVATION OF EVIDENCE

35. Defendants are on notice to preserve all evidence, including body-worn camera footage, surveillance video, radio transmissions, disciplinary records, and incident reports.

## JURY DEMAND

36. Plaintiff demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as set forth above.

Dated: January 2, 2026

/s/ Samuel E. Manrique

**Samuel E. Manrique, Esq.**

Attorney for Plaintiff

/s/ Samuel E. Manrique, Esq.

**Samuel E. Manrique, Esq.**

Attorney for Plaintiff