THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**STEVEN BANKS**
*Corporation Counsel*

**GREGORY J.O. ACCARINO**
*Senior Counsel*
Tel.: (212) 356-1945
gaccari@law.nyc.gov

August 14, 2026

**BY ECF**
Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Peter Marshall v. City of New York, et al.,
25-CV-3908 (KAM) (JRC)

Your Honor:

I am a Senior Counsel in the Office of Steven Banks, Corporation Counsel for the City of New York, and attorney for defendant the City of New York ("City") in the above referenced matter. Pursuant to the Court's Individual Practices and Rules, and in accordance with the deadlines imposed by EDNY Administrative Order 2025-14, defendant City writes to respectfully request a pre-motion conference with regard to its anticipated motion to dismiss plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

**A. Factual and Procedural Background**

Plaintiff alleges that on March 6, 2023, New York Police City Department ("NYPD") officers seized, handcuffed, and forcibly dragged plaintiff down a flight of stairs, without justification.[1] *See* Dkt. No. 5, Amended Complaint, January 8, 2026.

Plaintiff filed an initial Complaint on July 15, 2025, against the NYPD, St. Barnabas Hospital, Dr. Melissa Morales Moore, John/Jane Doe Hospital Staff, and John Doe NYPD officers, without serving any defendant. *See* Dkt. No. 1, Complaint, July 15, 2025. On January 8, 2026, before any defendant was served, plaintiff amended his Complaint, naming only the City of New York and John/Jane Doe NYPD officers as defendants, alleging federal claims, brought pursuant to 42 U.S.C. § 1983, of (1) excessive force, (2) unreasonable seizure, (3) deliberate indifference to

[1] The facts cited are taken from plaintiff's Amended Complaint; defendant City does not concede the truth of the facts alleged therein but accepts plaintiff's allegations as true for the purposes of this application only.

medical needs, and (4) municipal (*Monell*) liability, as well as claims brought under New York state law of (1) assault and battery, and (2) intentional infliction of emotional distress. *See* Dkt. No. 5. On March 31, 2026, plaintiff served defendant City of New York with the Amended Complaint. *See* Dkt. No. 10, Summons Returned Executed, April 1, 2026.

### B. The Amended Complaint Fails To State A Claim[2]

As an initial matter, only plaintiff's federal claim of municipal liability, as well as his claims under New York state law, can be brought against the City of New York. *See T.R. v. City of New York*, No. 15 Civ. 7582 (NRB), 2018 U.S. Dist. LEXIS 139823, *28 (S.D.N.Y. Aug. 16, 2018) ("Monell sets forth the exclusive theory under which an individual may sue a municipality for a violation of federal constitutional rights under color of state law.") (citing *Corbett v. City of New York*, No. 15 Civ. 09214 (GHW), 2016 U.S. Dist. LEXIS 178037, at *17 (S.D.N.Y. Dec. 22, 2016)).

#### i. Plaintiff's Municipal Liability Claim Should Be Dismissed

Plaintiff's Amended Complaint insufficiently pleads a *Monell* claim. "Without specific allegations regarding the systemic nature of a challenged practice, a *Monell* claim on a theory of 'widespread practice' must fail." *Brock v. City of New York*, No. 21 Civ. 3087 (PGG) (GWG), 2022 WL 4544966, at *3 (S.D.N.Y. Sept. 29, 2022), *report and recommendation adopted*, No. 21 Civ. 3087 (PGG) (GWG), 2022 WL 17991618 (S.D.N.Y. Dec. 29, 2022) (citing *Smith v. Westchester Cnty.*, No. 19 Civ. 1283 (KMK), 2019 WL 5816120, at *5 (S.D.N.Y. Nov. 7, 2019). Here, the Amended Complaint alleges that the NYPD "maintained and permitted unconstitutional policies, customs, and practices that caused the violations of Plaintiff's rights, including but not limited to: (a) failing to adequately train officers in the proper use of force against restrained and non-resisting individuals; (b) tolerating the use of gratuitous, punitive, and retaliatory force during arrests; (c) failing to discipline officers who engage in excessive force and degrading treatment of arrestees; (d) failing to train and supervise officers regarding the handling of handcuffed individuals on stairways and other inherently dangerous environments; and (e) maintaining a de facto policy of deliberate indifference to injuries inflicted during arrests, thereby encouraging unconstitutional conduct." These bare, conclusory assertions are insufficient to plead a claim for municipal liability. Therefore, plaintiff's *Monell* claim should be dismissed.

#### ii. Plaintiff's State Law Claims Should Be Dismissed

Plaintiff's state law claims should be dismissed on multiple procedural grounds. First, plaintiff's state law claims are time-barred because plaintiff did not file his Complaint within one year and ninety days of the date of the incident. *See* N.Y. Gen. Mun. Law § 50-i(1). Here, the incident occurred on March 6, 2023, and plaintiff filed his original Complaint on July 15, 2025, over a year after the statute of limitations expired on June 4, 2024. *See* Dkt. No. 1. Therefore, all of plaintiff's state law claims should be dismissed as time-barred.

---

[2] Defendant City reserves the right to move to dismiss plaintiff's Amended Complaint on other grounds.

Second, plaintiff's state law claims should also be dismissed because plaintiff failed to plead compliance with the procedural requirements of General Municipal Law. *See* N.Y. General Municipal Law § 50–e; *see also Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 794 (2d Cir. 1999) ("Failure to comply with [Notice of Claim] requirements [] ordinarily requires [] dismissal for failure to state a cause of action."); *Fincher v. Cnty. of Westchester*, 979 F. Supp. 989, 1002 (S.D.N.Y. 1997); *Dingle v. City of New York*, 728 F. Supp. 2d 332, 348–49 (S.D.N.Y. 2010) ("Federal courts do not have jurisdiction to hear state law claims brought by plaintiffs who have failed to comply with the notice of claim requirement, nor can a federal court grant a plaintiff permission to file a late notice of claim."). Upon information and belief, plaintiff did not file a Notice of Claim or sit for a 50-H hearing in this matter. Therefore, plaintiff's state law claims should be dismissed for failure to plead compliance with General Municipal Law.

**C. Conclusion**

Accordingly, defendant City respectfully requests a pre-motion conference with regard to its anticipated motion to dismiss the Amended Complaint.

Defendant City thanks the Court for its consideration herein.

Respectfully submitted,

/s/ Gregory J.O. Accarino
Gregory J.O. Accarino
*Senior Counsel*
Special Federal Litigation Division

cc: **VIA ECF**
Samuel E. Manrique
*Attorney for the plaintiff*