**MANRIQUE LAW PLLC**
130 North Main Street, Suite 101
New City, New York 10956
Tel.: (917) 426-5927
manriquelawgroup@gmail.com

September 21, 2026

**VIA ECF**
Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Peter Marshall v. City of New York, et al.,
25-CV-3908 (KAM) (JRC) — Letter Regarding Efforts to Identify Individual Defendants

Your Honor:

I represent plaintiff Peter Marshall in the above-referenced matter. Pursuant to the Court's September 14, 2026 order, plaintiff submits the following chronology of his efforts to identify and serve the individual defendants.

1. Information available before service. Plaintiff commenced this action on July 15, 2025 based on the information then available to counsel, naming the NYPD, St. Barnabas Hospital, Dr. Melissa Morales Moore, unidentified hospital staff, and unidentified NYPD officers. No defendant had been served. Plaintiff later confirmed that St. Barnabas Hospital was not the facility involved. On January 8, 2026, plaintiff filed the amended complaint that is now operative, removing the hospital defendants and naming the City and the Doe NYPD officers. At that point, plaintiff could provide the date and location of the encounter, but no officer names, shield numbers, physical descriptions, vehicle or unit information, arrest or complaint-report number, or other record identifier. Plaintiff also maintained that he was not arrested, charged, or processed, and counsel possessed no police paperwork identifying the officers.

2. Efforts to obtain records from the City. Before the City was served, counsel had no responding party from whom to seek party discovery, and the absence of a confirmed police-record identifier made a targeted third-party request difficult. Plaintiff served the City on March 31, 2026. The City requested an unsealing release on April 17, 2026, and plaintiff returned the executed release on May 18, 2026. In its June 18, 2026 letter, the City stated that it had "immediately processed" the release upon receipt and used it to request sealed files, but had "still not received any of the requested records despite following up." Dkt. No. 13. Plaintiff's counsel has not received records identifying the officers.

3. Efforts to obtain witness information. Plaintiff advised counsel that a shelter security guard and a shift supervisor were on duty at 112-26 Roosevelt Avenue, Corona, Queens on the

night of the incident. Plaintiff has identified the security guard by name but reports that she has changed her telephone number; counsel does not have current contact information for her. Plaintiff has not provided contact information for the shift supervisor despite counsel's follow-up, including on August 7, 2026. Based on plaintiff's account, these witnesses may be able to corroborate the encounter and describe the officers, but plaintiff does not know whether they know the officers' names.

4. Current status. The incident occurred on March 6, 2023. Plaintiff filed the original complaint on July 15, 2025 and the amended complaint naming the Doe officers on January 8, 2026. Because the officers remain unidentified, plaintiff has not been able to substitute their names or effect service on them.

5. Requested relief. The efforts described above have not yet yielded the officers' identities. Plaintiff respectfully requests that the Court direct the City, within 30 days, to search records sufficient to identify the officers—including precinct activity logs, memo books, command logs, and radio or dispatch records for the 110th Precinct reflecting a response to 112-26 Roosevelt Avenue on March 6, 2023—and to disclose the officers' identities and information sufficient to effect service, consistent with the practice recognized in Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997). Plaintiff further requests that his deadline to substitute and serve the individual defendants be extended until 60 days after that disclosure. Plaintiff will act promptly upon receiving the identifying information.

Plaintiff thanks the Court for its consideration.

Respectfully submitted,

*/s/ Samuel E. Manrique*
Samuel E. Manrique, Esq.
Attorney for Plaintiff

cc: VIA ECF
Gregory J.O. Accarino, Esq.
Attorney for Defendant City of New York