**STEVEN BANKS**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ALEXANDRA CORSI**
*Senior Counsel*
Tel.: (212) 356-3545
acorsi@law.nyc.gov

October 8, 2026

**BY ECF**
Honorable James R. Cho
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Peter Marshall v. City of New York, et al.,
25-CV-3908 (KAM) (JRC)

Your Honor:

I am a Senior Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, and the attorney recently transferred the above-referenced matter for Defendant City of New York. Pursuant to the Court's October 2, 2026 Order, I write in response to Plaintiff's request to produce records sufficient to identify the John Doe officers. (Dkt. Entry No. 22).

By way of background, on July 15, 2025, Plaintiff filed the initial Complaint bringing claims against the New York City Police Department ("NYPD"), St. Barnabas Hospital, Dr. Melissa Morales Moore, John/Jane Doe Hospital Staff, and John Doe NYPD officers. (Dkt. Entry No. 1).[1] On December 1, 2025, pursuant to the Court's November 26, 2025, Order, Plaintiff's counsel filed a status letter informing the Court that "Plaintiff is actively working to identify" the names of the NYPD workers and hospital staff who were purportedly involved in the incident. (Dkt. Entry No. 4). Plaintiff's counsel further reported therein that he "anticipates issuing subpoenas to the NYPD, St. Barnabas Hospital, and other relevant entities to secure records that will allow for the identification of all Doe defendants," and that once the names are ascertained, he would promptly seek leave, if required, to amend the complaint. (Dkt. Entry No. 4). At that

[1] On July 16, 2026, a notification on the docket sheet reflected that summonses had not yet been issued because no summonses were provided; the docket sheet further reflects that a request to submit summonses was made. (Dkt. Entry dated July 16, 2026).

juncture, upon information and belief, and according to the docket sheet, summonses had still not been proposed or issued, and no defendants had been served.

Based upon a review of the docket sheet, it appears that on December 18, 2025, the Court held a telephonic status conference at which Plaintiff's counsel appeared. (Dkt. Entry dated Dec. 18, 2025). Pursuant to the minute entry from that conference, Plaintiff was encouraged by the Court "to serve the named defendants and to seek assistance from the City of New York to identify the potential Doe police officers," and further granted Plaintiff permission to amend the complaint by January 8, 2026.[2] (*Id.*).

On January 8, 2026, Plaintiff filed an Amended Complaint, which named only the City of New York and John/Jane Doe NYPD officers as defendants. (Dkt. Entry No. 5). Following the Court's January 30, 2026, Order, on February 11, 2026, Plaintiff's counsel filed a status letter advising the Court that Plaintiff amended the complaint, removing all parties except the John Doe NYPD officers and the City of New York. In that correspondence, Plaintiff's counsel specifically advised the Court that "Plaintiff intends to serve the City of New York promptly and will seek disclosure of the identities of the John Doe officers through appropriate discovery procedures." (Dkt. Entry No. 6).

On March 13, 2026, through another Court Ordered status letter, Plaintiff's counsel reported to the Court that a proposed summons had been filed, and that once the summons was "signed," Plaintiff would "proceed to serve the City of New York and . . . seek disclosure of the identities of the John Doe defendants through appropriate discovery procedures." (Dkt. Entry No. 8). Finally, on March 31, 2026, Defendant City was served with the Amended Complaint. (Dkt. Entry No. 10). Upon information and belief, it was at this point that the City first learned of this civil action.[3]

As the Court may recall, according to the Second Amended Complaint, this case involves an incident that purportedly occurred on March 3, 2023, wherein Plaintiff claims that while he was "at or near" 112-26 Roosevelt Avenue in Corona, Queens, he was "seized" and placed in handcuffs, and that "Defendant Officers used force against him." (Dkt. Entry No. 18, at ¶¶9-11).

It is my understanding that once the City was served with the Second Amended Complaint on March 31, 2026, prior counsel for the City and other office staff contacted Plaintiff's counsel on at least April 15, 2026, and May 12, 2026, requesting that Plaintiff execute and return the

---

[2] Upon information and belief, at the time of the December 18, 2026 conference, the City had not yet received notice of this lawsuit and therefore was not present at the conference.

[3] Defendant City specifically notes same because, as set forth in the City's August 14, 2026, letter, Defendant City has requested permission to move to dismiss the Second Amended Complaint in its entirety. Moreover, given the procedural history of this case and the timing of the filing and service of the Second Amended Complaint, Defendant City intends to further move to dismiss on the ground that at least some of Plaintiff's claims are barred by the applicable statute of limitations, and that any effort to name individual officers as defendants is futile as claims against them are time-barred.

relevant New York C.P.L. §160.50 release so that the City could obtain any sealed arrest records regarding the underlying incident. Executed releases for Plaintiff's relevant medical records were also requested.

On May 13, 2026, prior City counsel also specifically requested certain information from Plaintiff's counsel that could potentially assist the City in attempting to locate documents related to the underlying incident, including Plaintiff's date of birth, the location of the arrest, and an arrest number. On May 18, 2026, Plaintiff's counsel provided the City with an executed §160.50 release, and on May 25, 2026, after another inquiry from City counsel, Plaintiff's counsel advised that Plaintiff was arrested at 112-26 Roosevelt Avenue and identified the "110th Precinct." Again, on May 26, 2026, prior City counsel inquired with Plaintiff's counsel as to whether he was aware of an arrest number or Court docket number associated with Plaintiff's arrest, and requested that they be provided if available. That same day, Plaintiff's counsel advised the City that Plaintiff stated that he was taken to the hospital after the incident, and that there was no arrest or docket number ever issued, and that he never appeared in court.

Since being served, Defendant City has conducted an investigation into the incident and attempted to ascertain the identities of the John Doe officers who may have been involved in the alleged incident with Plaintiff on March 3, 2023. To that end, the City has attempted to gather information and documents from the NYPD from the alleged incident. Based on that investigation, however, it appears that, upon information and belief, Plaintiff was not arrested and a search for NYPD body-worn camera footage and other documents from the location and time of the incident has not returned any results. Additionally, in an effort to locate relevant document to assist with attempting to identify the John Doe officers, Defendant City requested a New York State Office of Court Administration ("OCA") check and records in possession of the Civilian Complaint Review Board for any potential information or documents pertaining to the underlying incident, both of which returned no relevant results. Most recently, on October 6, 2026, Defendant City has furthered their investigation and requested any Sprint records or radio run call logs to, or from, the location of the alleged incident from the NYPD, however, Defendant City has yet to receive the results of the search for those records.

As such, attempts to locate paperwork relating to the Plaintiff from the date of the alleged incident have been unsuccessful. At present, this office recently learned that the location where Plaintiff claims the alleged incident occurred is a Department of Homeless Services shelter operated by VIP Community Services. Accordingly, the City is currently in the process of attempting to gather information from there regarding any alleged incident, however, a release to obtain any information pertaining to Plaintiff from the shelter is required. As such, on October 8, 2026, this Office provided Plaintiff's counsel with a copy of the necessary release for Plaintiff's execution and is awaiting its return.

Thank you for your consideration herein.

Respectfully submitted,

/s/ *Alexandra Corsi*

Alexandra Corsi

*Senior Counsel*
Special Federal Litigation Division

cc: **VIA ECF**
Samuel E. Manrique
*Attorney for the plaintiff*